5. STREET RAILROADS, § 117*—*when ordinance requiring construction of sidewalk admissible in action for death of traveler.* An ordinance requiring an electric railway company to construct and maintain sidewalks where its private right of way crossed city streets, is admissible in evidence in an action for the death of a bicycle rider who was struck and killed at a defective street crossing, where the failure to construct and maintain such sidewalk was alleged as negligence.

## John H. Fought, Appellee, v. Joseph Schlitz Brewing Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Shelby county; the Hon. JAMES C. McBRIDE, Judge, presiding. Heard in this court at the October term, 1914. Reversed with finding of facts. Opinion filed April 16, 1915.

## Statement of the Case.

John H. Fought, the appellee, recovered a judgment for $1,000 against Joseph Schlitz Brewing Company, the appellant, for the failure and refusal of appellant to deliver beer to appellee under a certain contract, from which the defendant appeals.

A contract in writing was entered into November 17, 1904, by the terms of which the appellee agreed to handle exclusively the beers of appellant in Shelby county for a period of five years, the defendant to loan appellee a beer wagon to be used by him in his beer business, and to allow him five dollars for cold storage of each carload of beer handled under the contract.

In May, 1905, the city council of the city of Shelby-ville refused to grant licenses for the sale of intoxicating or malt liquors for the municipal year ending May,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

1907. At that time the appellee had on hand fifty-two half barrels of draught beer which he shipped back to appellant and was credited with its value on his account. In August, 1906, appellant rendered appellee a bill covering their previous transactions showing a balance due to appellant of seventy-two cents, which appellee paid. In May, 1907, the city council granted licenses for the sale of intoxicating and malt liquors for the municipal year ending May, 1908. Appellees then made a demand on appellant for beer under their contract, and appellant refused to let him have any, on the ground that the contract was terminated when the city council refused to grant licenses in May, 1906, and that the contract had been forfeited, terminated and abandoned. The appellee brought this suit after the contract had expired by lapse of time.

CHAFEE, CHEW & BAKER, for appellant.

WHITAKER, WARD & PUGH, for appellee. ·

MR. JUSTICE SCHOLFIELD delivered the opinion of the court.

## Abstract of the Decision.

1. DAMAGES, § 66*—*measure for breach of contract to supply beer.* The measure of damages for the refusal of the defendant to furnish beer under a contract with the plaintiff for a term of years is the excess above the contract price the latter was compelled to pay to procure elsewhere beer of similar quality.

2. DAMAGES, § 61*—*when loss of profits recoverable for breach of contract.* In an action for the breach of a contract to furnish beer for a term of years, the plaintiff cannot recover for loss of profits, or the expense of putting up ice.

3. CONTRACTS, § 289*—*refusal to grant license as termination of contract to furnish beer.* A contract to furnish beer for a term of years for sale within a certain city, *held* terminated by the refusal of the common council to grant licenses during one year of the stipulated term, where the plaintiff did not order any beer during that year, but settled with the defendant in full.

THOMPSON, J., dissenting.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.